**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| TERRI BOYD,                              )<br>                                                   )<br>           Plaintiff,                       )<br>                                                   )<br> vs.                                              )<br>                                                   )<br>CAROLYN W. COLVIN, *Acting*      )<br>*Commissioner of Social Security*,    )<br>                                                   )<br>           Defendant.                     )<br>_____ ) | No. 9:13-cv-03189-DCN<br><br><br><br><br>**ORDER** |

This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for supplemental security income ("SSI"). Plaintiff Terri Boyd ("Boyd") filed objections to the R&R. For the reasons set forth below, the court reverses the Commissioner's decision and remands for further administrative proceedings.

### I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

**A.     Procedural History**

Boyd filed an application for SSI on October 26, 2010, alleging disability beginning on November 1, 2005. The Social Security Agency denied Boyd's claim initially and on reconsideration. Boyd requested a hearing before an administrative law judge ("ALJ"), and ALJ Alice Jordan held a hearing on May 8, 2012. The ALJ issued a decision on August 10, 2012, finding Boyd not disabled under the Social Security Act. Boyd requested Appeals Council review of the ALJ's decision. The Appeals Council

1

declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On November 22, 2013, Boyd filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on December 4, 2014, recommending that this court affirm the ALJ's decision. Boyd filed objections to the R&R on December 22, 2014 and the Commissioner filed a response on January 8, 2015. The matter is now ripe for the court's review.

### B.     Medical History

Because Boyd's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Boyd was born on March 30, 1980 and was 30 years old on the alleged onset date. Boyd's education level is unclear – she testified at the hearing that she completed ninth grade, but at other times has stated that she completed tenth grade or had even graduated from high school. Although Boyd testified to working as a babysitter, cashier, and telemarketer, the ALJ found that she did not have any past relevant work.

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Boyd was disabled from October 26, 2010 through August 10, 2012. The ALJ first determined that Boyd had not engaged in substantial gainful activity during the relevant time period. Tr. 14. At the second step, the ALJ found that Boyd suffered from the following severe impairments: obesity, sleep apnea, hypothyroidism, degenerative joint disease involving right knee, depression, and anxiety. Id. At step three, the ALJ determined that Boyd's impairments did not meet or equal one of the listed

impairments in the Agency's Listing of Impairments ("the Listings").  Id. at 15; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ determined that Boyd had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), specifically that she could:  lift twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for six hours each in an eight-hour workday; frequently climb and balance; and occasionally stoop, kneel, crouch, and crawl.  Tr. 17.  The ALJ further determined that Boyd must avoid concentrated exposure to hazards and should be limited to frequent public contact.  Id.  The ALJ found, at step four, that Boyd has no past relevant work.  Tr. 21.  Finally, at step five, the ALJ determined that considering Boyd's age, education, work experience and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue.  Tr. 21-22.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.   DISCUSSION

Boyd objects to the R&R on three grounds, arguing that the magistrate judge erred in:  (1) finding that the ALJ's failure to weigh the opinion of Dr. Rebecca Alsip, Boyd's treating physician, was harmless error; (2) finding that the ALJ properly rejected the opinions of Dr. Gordon Early, an examining physician; and (3) finding that the ALJ properly determined Boyd's RFC.  Because Boyd's first objection provides a basis for remand, the court need not consider the remaining objections.

Boyd contends that the ALJ erred by failing to assign any weight to Dr. Alsip, Boyd's treating physician.  Pl.'s Objections 1.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).  "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded

4

significantly less weight." Craig, 76 F.3d at 590. In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

Regardless of how much weight an ALJ gives a treating physician's opinion, it is well-settled that an ALJ must "explicitly indicate[] the weight given to all of the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (emphasis added); see also id. at 236 (directing the ALJ on remand to "indicate explicitly the weight accorded to the various medical reports in the record"); DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) ("The Secretary must present us with findings and determinations sufficiently articulated to permit meaningful judicial review."); Arnold v. Sec'y of Health, Ed. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977) ("Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." (internal quotation marks and citation omitted)); Id. at 260 (holding that claimants are entitled to have "evidence properly considered and to have the Secretary explain how he treated it in arriving at his conclusion"); 20 C.F.R. § 416.927(b), (c) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive" and, "[r]egardless of its source, we will evaluate every medical opinion we receive."); SSR 96-2p ("Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927."); id. ("[T]he notice of the determination or decision must contain

specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

It is undisputed that the ALJ "did not explicitly state that she rejected Dr. Alsip's opinion." Comm'r's Br. 7. However, the magistrate judge determined that "any inartfulness in the ALJ's conclusion in this regard is not a basis on which to overturn the decision under the facts of this case" and held that the ALJ's failure to weigh Dr. Alsip's opinion was harmless error. R&R 14-15.

Under the harmless error doctrine, if the ALJ's decision "is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." Bishop v. Comm'r of Soc. Sec., 583 F. App'x 65, 67 (4th Cir. 2014) (citing Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010)). It is not enough that the record "establish[es] that the administrative law judge might have reached the same result had she considered all the evidence and evaluated it." Spiva, 628 F.3d at 353 (emphasis in original).

The magistrate judge ably compiled the evidence of record in the R&R. However, because of the importance of treating physicians' opinions and the unequivocal law stating that the ALJ must weigh such opinions and provide good reasons for the weight given, the court is extremely hesitant to accept what is, at most, an implicit rejection of Dr. Alsip's opinion. After a thorough review of the record and the parties' briefs, the court cannot conclude that the ALJ's decision is so overwhelmingly supported by the record as to forgive her failure to weigh the opinion of Boyd's treating physician.

6

Because the ALJ erred in failing to weigh Dr. Alsip's opinion, the court remands for further administrative proceedings. See <u>Vanartsdalen v. Colvin</u>, No. CIV.A. 5:12-2948-MGL, 2014 WL 798409, at *3 (D.S.C. Feb. 27, 2014) (remanding for further administrative proceedings where ALJ failed to weigh treating physicians' opinions). On remand, the ALJ should consider Boyd's other allegations of error.

## IV.  CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** for further administrative proceedings.

**AND IT IS SO ORDERED**.

                                                **DAVID C. NORTON**
                                                **UNITED STATES DISTRICT JUDGE**

**March 2, 2015**
**Charleston, South Carolina**